FILED
AUG 2 7 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Nathaniel J. Richardson, Jr., )
)
       Plaintiff, )
)
v. ) Civil Action No. **12 1408**
)
)
United States, )
)
       Defendant. )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's action upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a state prisoner incarcerated in Toledo, Ohio. He sues the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, "because the Clerk of the U.S. Supreme Court refused to file his certiorari petition even though the petition is in compliance with Supreme Court Rules." Compl. ¶ 2. Plaintiff alleges the deprivation of various constitutional rights, including the right to redress grievances, the right to equal protection of the laws, and the right of due process. In addition, plaintiff alleges various common law claims, including negligence. Compl. ¶ 3.

"The FTCA represents a limited waiver of the government's sovereign immunity" from suit for money damages. *Tri-State Hospital Supply Corp. v. U.S.*, 341 F.3d 571, 575 (D.C. Cir. 2003). Plaintiff's FTCA claim fails for three basic reasons. First, the United States has not



consented to be sued for constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994). Second, the United States has consented to be held liable under the FTCA only "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. A private individual could not possibly be held liable for the alleged misconduct forming the basis of this action. Third, "the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim . . . ." *Id.* Court clerks "are [absolutely] immune from damage suits" for actions taken within the scope of their official duties as "an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *accord Hilska v. Suter*, 308 Fed. Appx. 451, 452 (D.C. Cir. 2009). Hence, this case will be dismissed. A separate accompanies this Memorandum Opinion.

United States District Judge

Date: August 8, 2012